Ex, Parte
DARRYL W. VICTORIAN

MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS: 28 USC 2254

To The Honorable Judge Of Said Court:

Comes Now DARRYL WADE VICTORIAN, Applicant Pro. Se, IN The above styled and number cause of action and filed this original petition for writ of Habeas corpus and memoradum with legal citation and authorited pursuant to 28 USC 2254, adopted by all Federal Courts in Texas, and would show the court the following.

## I

### Procedural Background

Applicant is currently confine in the Texas Department of Criminal Justice, Institutional Division pursuant to a judgement of conviction by the 178th District Court of Harris County Texas. The applicant was indicted for violation of protective order enhance; Applicant was sentence to a term of three years, which ran concurrently with his twentyfive year sentence he received on May 6, 1992. Subsequently following his new conviction the Board of Pardon and Parole move to revoke applicant parole, under cause# 631861, (TDCJ# 627801). However this contention has derived from a previous parole violation and the facts are within.

### Appling The Law (1)

Petitioner argues that, (1); the unlawfully extending of his sentence in violation of Constitutional Law (18 U.S.C. 3583 (e), (18 U.S.C.S. 3553 (a)(4)(A)(ii). (2), the 262nd District Court of Harris County has made a decision on an important question of State, and Federal Laws (3) The doctrine relied upon by the United State Supreme Court, Ex Post Facto Clause in affirming the conviction that governed supervise release, which the 262nd District Court, departed from the accepted and usual course of judicial proceeding.

1

Petitioner has produced solitary case laws by Supreme Court Ruling, Cir. Court Ruling as to the version of (18 U.S.C 3583(e)). Which governs date of conviction, and parole violation on supervise release. Which the state denied.

Recalculation of Sentence: (2)

TDCJ Parole Division should have known the laws that governs Supervise release to apply the appropriate remedy to a parolees supervise release violation to prevent from being unfairly prejudiced against a parolee supervise release. (Peugh V. United States, 569 U.S. 530 (2013), (United States V. Shimabukuro, 887 F.3d. 867, 2018 U.S. App. Lexis 9171 (9th Cir. Haw. Cpr. 12, 2018).

Petitioner further argues that the complaint he raises in his Habeas Petition goes beyond procedural concern, but that it places in question the very integrity of the Parole Revocation proceeding toward supervise release. The U.S. Court of Appeals for the Ninth Circuit wrote, "the issue here is fundamentally different than those that were in place at the time of conviction; Therefore the New TDCJ Parole Division Policy is a unlawful version of Petitioner supervise release, the old Parole Policy upon conviction governs his supervise release.

Regarding Improper Argument: (3)

In those instances it has been found that in order to enforce certain evidentiary or procedural rules it makes sense to require either an affirmative request that they apply or, when a judge has held that they do not, an objection as a pre requistive to appeal the lower counts action. But the right involved here speaks to a broader concern, the integrity of TDCJ, Parole Division New Policy and how it effects supervise release violation

2

before the change in Policy or law. (PD/POP-4.6, NCIC/TCIC/ Caution Determination. The new TDCJ Parole Division Policy was meant to highlight the fact that the state had provided evidence, that the petitioner did violate his parole, and wasn't under the pre-revocation warrant, when arrested out of State, (in Colorado). However Petitioner never denied violating his parole, only the Laws and Policies applied to his revocation procceeding.

This is simply another way of saying the new policy applies to all supervise release violator's on case before the new policy was put into place, Which in comparison to (18 U.S.C. 3583(e) that was in effect at the time of Petitioner original criminal offense governs his case. To apply a newer version of (3583(e) or new parole policy and laws to Petitioner supervised release violation would violate the U.S. Constitutional Ex Post Facto Clause, which bans different punishment than what was in effect at the time of the offense. (Peugh v. United States), 569 U.S. 530 (2013). As mentioned above the State and Parole Division cited the new 2002 parole policy was not to publish a pre-revocation warrant in "(NCIC)" for nonviolent offenders. One case in the line of doctrinal cases described above as the "alternate-source, alternate target doctrine, [a reference created by undersigned solely for this argument]. The Old (18 U.S.C. 3583(e) that governed supervise release violation; See: United States v. Shimabukuro 897 F.3d, 867, 2018 U.S. App. Lexis 9171 (9th Cir Haw. Apr. 12, 2018). Under the old Policy failure to report as required under his supervise parole conditions he is declared an absconder, and upon arrest in or out of the state of Texas, the pre-revocation warrant is executed and parolee supervise release is revoked.

3

(Rule 66.3 (d); Under the old policy if a criminal arrest warrant has been issued for a parolee, violent or nonviolent from this State a Fugitive Arrest Warrant is put in the (NCIC) data base an if arrested in another State, execution of such criminal warrant shall take precedence, and TDCJ Parole Division would be notified by law upon are arrest. Under Texas Code of Criminal Procedure (Chapter 51.04, 06. Art. 51.13 Sec(2), (7), (22) Art 51.14). The new TDCJ Parole Division new Policy has a not to detain notation on the warrant, no extradition Tx only warrant, TDCJ Parole Division in it's proceeing departed from the laws and policy of the State and the U.S. constitutional requirement which is this case. By not violating Petitioner under the laws he was convicted under (United State v. Shimabu Kuro), To apply a new Policy to Petitioner supervise release Violation would be unconstitutional, U.S. Constitutional violation by retroactive application of regulation that eliminated right to individual, "(Parolee)" hearing when parolee convicted of a felony while on parole or supervise release, (Kellogg v. Shoemaker 46, F.3d, 503, 509-10 (6th Cir 1995). Changes to Parole Policy dose just that which eliminates per-revocation warrant issued therefore no detainer is place because the warrant has a do not detain notation on the Warrant, No extradition state wide only; (Texas), and therefore eliminated the revocation hearing whenever parolee is taken in to custody, (out of state) for Violation of parole or supervise release for a felony are misdemeanor; Under the 2002 Parole Division Policy. Which is A unquestionably disadvantaged to parolee's by the changes which created a sigificant risk of increase prolonged his imprisonment. See, Garner, 529 U.S. 244, 120 S.Ct

4

1362, 146 L.Ed.2d 236 Morales, 514 U.S. 499, 115 S.Ct 1597, 131 L. Ed.2d 588 Weaver, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d.17.) While a prisoner may use relevant evidence from the general operation of a parole system to establish an ex post facto violation, the prisoner must show that as applied to his own sentence the law created a significant risk of increasing his punishment or by prolonging his sentence. (18 U.S.C. 3583(e), Considering the context that the state and Parole Division arrived at a different conclusion than the law prescribed. The U.S. Constitutional say changes in parole statues, regulations or practices that wasn't in effect at the time of his offense dose'nt apply to his supervise release. Which makes it a conflict with federal laws. In the United States, the Supremacy Clause of the Constitution set forth in Article III, explicitly states that the Constitution and federal laws are the supreme law of the land. It dictates that state law and policy is void if it directly conflicts with federal law; For the Framers of our Constitution Provided that the "Federal Law" must Prevail." (Fidelity Federal Sav+Loan Assn. V. De la Cuesta, 458 U.S. 141, 153, 73 L. Ed. 2d. 664, 102 Ct. 3014 (1982) quoting. (Free V. Bland 369 U.S. 663, 666, 81 Ed.2d. 180, 82 S.Ct. 1089 (1962). The (2002) policy applies different punishment, which increaesed the measure of punishment attached to the covered crime. Petitioner further suggests that the whole line of case law should be re-examined in the context of a reasonable reading on the plain language it prescribed by law both U.S. and State (The United States Constitutional prohibits both Fedral and States governments from enacting any Ex Post Facto Laws; (Art. 1, 9 cl 3 Art 1.10) (Rule 66.3

5

The cases that forms the doctrine that requires re-examination are (18 U.S.C. 3583(e), (18 U.S.C.S 3553 (a)(4)(A)(ii)), (Peugh V. United States), 569 U.S. 530 (2013); (United States V. Shimabukuro, (887 F.3d. 867, 2018 U.S. App. Lexis 9121 (9th Cir Haw), (Dobbert v. Fla. 432 U.S. 282, 299, 97, S.Ct. 2290, 53 L.Ed. 2d. 344 (1977.), (Brown V. Palmateer, 379 F. 3d. 1089, CA 9. 2004), (Calif Dept. of Corr. V. Morales, 514 U.S. 499, 504 115 S.Ct. 1597, 131 L. Ed. 2d. 588 (1995) The protection afforded by the U.S. Constitutional Supreme Court, involing all cases that negatively affects a persons rights by modifing parole statues regulations + practices. (Lynce V. Mathis, 519 U.S. 437, 137 L. Ed. 2d. 63, 117 S. Ct. 89 (1997).

The State can always argue, the petitioner did violate his parole as required under his parole condition, and under the present policy past in (2002), for nonviolent, supervise release offenders. Yet the lines of cases that challenged petitioner supervise release under the old policy seems to suggest that the new policy dose'nt apply to his supervise release which makes that newer polciy unlawful and shift the burden to proof on petioner. Which petitione have shown under (18 U.S.C. 3583(e) that the law at time of conviction applies to his supervise release violation. To say otherwise is to suggest that the burden of proof, and all of the instruction that accompany, "(S.Ct. Federal and State case laws)" ruling means nothing. The State or TDCJ Parole Division has failed to produce any evidence are case law as to why petitioner conviction date does'nt apply, but the newer version does. The State can thus aruge, TDCJ Parole Division had no constitutional duty to provide the parole an adversary parole hearing until he was taken into custody as a parole violator by execution of the warrant

6

(Moody v. Daggett, 429 U.S. 78 (U.S. 1976), which is true under the new version of how the policy applies to the old when arrested out of state.

The State and Parole Division argument is simply the new policy upon revocation applies to petitioners violation. To permit this would allow new parole policy to swallow the rule of law, --- it would become nearly impossible to imagine a scenario where the new law or policy is more harsher than the latter would be permissable Even if the violation happen many years later an after the change in laws or parole policies, the old still governs the case.

Petitioner contends that the Supreme Court test is the proper argument as expressed in the cases described above which are constitutional. Petitioner also argues that the current test the one use by the U.S. Court of Appeals for the Ninth Circuit, is logically sound and should be re-examined through the prism of a reasonable reading of the plain language of (18 U.S.C. 3583(e)). the version that was in effect at the time of offense governs the case. (Morrissey v. Brewer 408 U.S. 471, 482 (1972).

In the case of a Parolee who has been convicted of any criminal offense comitted subsequent to his release on parole and such offense is punishable by a term of imprisonment, detention or incarceration in any Penal Facility. The Parole Commission shall determin in accordance with the provisions of section (U.S.C.A 4214 (b) or (c) (b) (d) 1, 2, 3, 4, 5.) Whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence impose for the new offense. But in no case shall service together with such time as the parolee has previously served inconnection with the offense which he

7

was parole belonger than the maximum term which he was sentence in connection with such offense.

## Conclusion

Therefore I believe that this hardship violates the U.S. Constitution on action against cruel and unusual punishment, it denies due process and equal protection of the law, not to mention the unnecessary and unjustified emotional distress and anguish it is putting me through, and it is a retroactive application of Ex Post Facto Laws; Laws that increases the range or degree of punishment after conviction.

## Prayer

Wherefore Premises Considered, Petitioner Pray's that the Court will consider Petitioner's Writ of Habeas Corpus (28 U.S.C. § 2254), as well as his original 11.07 Habeas Petition, and Memorandums of Law in Support of both Habeas Petitions, and the Laws that applies. That upon reviewing the records the court will in all fairness grant relief sought which is the Recalculation of sentence.

Sincerely,
Darryl Wade Victorian #627801
Powledge Unit
1400 FM 3452
Palestine, TX 75803