Darryl Wade Victorian
v.
Director,

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
CIVIL ACTION NO. 6:18cv654

January 8, 2019

Supplemental Documents Supporting Points,
Of Law And Arguments In Cause No. 63186I-A

Magistrate Judge: K. Nicole Mitchell
To The Honorable Judge of Said Court:

Comes now, Darryl Victorian Relator Pro Se in the above-styled and numbered cause of action, would like to bring to the court attention, in the event the above mentioned documents are not forward to your office; I have taken the liberty to forward them to you. Enclosed is the Original and one copy of Relator's Complaint For Objections To States Proposed Finding of Fact Conclusions Of Laws, And Order + Relator's Amended Complaint of same.
(Cause No. 63186I - 262ND District Court, Harris County)

Respectfully,
Darryl Wade Victorian, TDCJ:#627801
Relator, Pro, Se
Powledge Unit
1400 FM 3452
Palestine, Texas 75803

CC Date
1-8-19

1/1

CAUSE No. 631861-A

Date: September _____, 2018

Court of Criminal Appeals
ATTN: Deana Williamson, Clerk
Supreme Court Building
PO Box 12308
Austin, Texas 78711

APPLICANT'S OBJECTION TO STATE PROPOSED
FINDINGS OF FACTS, CONCLUSIONS OF LAW, AND ORDER

Enclosed is the original and one copy of Applicant's objections to States Proposed Findings of Facts, Conclusions of Law, and Order. Please file this, and transmit same to the Court of Criminal Appeals as provided by Tex.CodeCrim.Proc. Ann.Art. 11.07. Applicant brings this objections and allegations of relief be denied by the State. For that reason Applicant wishes to bring to the Court of Criminal Appeals attention, his original petition for Habeas relief and Exhibits and Memorandum of Law in support of applicant's Writ of Habeas Corpus, as well as, the laws applies his supervised release status.

Respectfully,

*Darryl Victorian*

DARRYL W. VICTORIAN
TDCJ# 627801
APPLICANT, PRO SE
POWLEDGE UNIT
1400 FM 3452
PALESTINE, TEXAS 75803

CC Date
1-8-19

1/1

| | | |
|---|---|---|
| EX PARTE | CAUSE No. 631861-A | IN THE 262ND DISTRICT |
| DARRYL W. VICTORIAN | § | COURT OF |
| Applicant | § | HARRIS COUNTY, TEXAS |

### APPLICANT'S OBJECTIONS TO STATE'S PROPOSED FINDINGS OF FACTS, CONCLUSIONS OF LAW, AND ORDER

COMES NOW, DARRYL W. VICTORIAN, APPLICANT PRO SE, in the above-styled and numbered cause of action and files this original, Objection to State's Proposed Findings of Facts, Conclusions of Law, and Order, pursuant to Article 11.07, Section #(c) of the Texas Code of Criminal Procedure and would show the Court the following:

RELATOR:

Darryl Victorian, TDCJ# 627801, is an inmate in the Texas Department of Criminal Justice, and is appearing Pro se, who can be located at the Powledge Unit at 1400 FM 3452, Palestine, Texas 75803.
Relator has exhausted his remedies and has no other adequate remedy at law.
The Court has considered Relator's writ of habeas corpus, and State's answer relief be denied.

Relator
However, Relator wish to show the Court that there are legality, and unresolved facts to his confinement, by the unlawfully extending of his sentence.
To assist the Court in resolving the factual issues addressing the circumstances surrounding Relator's supervised release and revocation and appropriate time credits, and discharged date of Relator's sentence in the primary case (Cause No. 0631861) and whether Relator was afforded all process due in the parole revocation process.

There is no-other avenue to raise my claims under the Post-Conviction Review Act.
However, where the claim is apparent on the record an immediate resoluation of the claim would serve "the Interest of Justice"; Trial Court must "err of the side of caution" to protect a person's Constitutional Rights.
Upon consideration of all of the evidence and the factor's set forth in Relator's Writ of Habeas Corpus, challenging lack of Constituitionally of parole violation, and the law in effect at the time of Relator's offense. (Governs his case).

cc Date
1-8-19

1

Also the Plea Bargaining Law, although plea agreements are generally analyzed under contract law analysis of agreement is conducted with greater scruting than commerial contract because agreement implicate fair and effective administration of justice; because a defendant should not have to object to a correct law on the chance that the law will change.

The 2002 version of TDCJ Parole Division Policy:

PD/POP-4.1.6, NCIC/TCIC Caution Determination, not to publish a pre-revocation warrant in the National Crime Information Center. Is a Ex Post Facto Violation by retroactive application of regulation that eliminated right to individual hearing when parolee convicted of felony while on parole, (Kellogg v. Shoemaker, 46 F3d 503, 509-10) (F.D.N.C. 2010). Which is a unquestionably disadvantaged to applicant's by the change which create a significant risk of increase prolonged his imprisonment, resulted in an unlawful extension of sentence, loss of time credit, and denial of process due Relator.

In May 06, 1992, Relator plead guilty to burglary of a motor vehicle. Pursuant to the plea agreement between Relator and the State.... he was sentenced to twenty five (25) years in TDCJ. No term of post laws chances following his incarceration was included in the sentence announced in Court by the judge the written judgment or the written order of commitment[.] (Earley v. Murray, 451 F.3d 71 (CA2, 2006); Justice Cardozo, speaking for a unanimous court, announced a basic principle of criminal sentencing. The only sentence know to the law is the sentence of judgment entered upon the records of the court. Until corrected in a direct proceeding it says what it was meant to say and this by an irrebuttable presumption. "Id. at 464, 56 S.Ct. 760, Seventy years ago the Supreme Court established that the sentence imposed by the sentencing judge is controlling it is this sentence that constitutes the Courts judgment and authorizes the custody of a defendant. (Hill v. United, ex rel. Wampler, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed 1283. (p. 75.)) Wampler went onto articulate a defendants sentence, and that sentence may not be increased by an administrator amendment. Wampler thus provideds clearly established Supreme Court precedent support Earley's claim. Miller v. Aderhold, (288 U.S. 206), People, ex rel. Trainor v. Baker, 89 NY. 460, 46, (Boyd v. Archer, 42 F.2d 43,) (Biddle v. Shirley, 16 F2d 566, 567).

Ex Post Facto, State Prisons, Good Time:
Lynce v. Mathis, 519 U.S. 437, 137 L.Ed2d 63, 117 S.Ct. 819 (1997).

The Constitution prevents both Congress and the State from passing ex post facto laws, U.S. Const: Art I, 9, cl. 3 (No Bill of Attainder or Ex Post Facto Law shall be passed); U.S. Const. Art. I § 10, cl. I ( No State shall pass any ... Ex Post Facto Law... A law that impermissibly applies retroactively, especially in a way that negatively affects a person's right's, as by criminalizing on action or modify parole statues, regulations and practices. The New Parole Laws, and TDCJ Parole Division Policy not publish a per-revocation warrant in the NCIC, does just that. In 2002, TDCJ Parole Division Policy not to publish a per-revocation warrant in the NCIC database, had negative affects on parolee. Its a laws and policy that wasn't in effect when parole was sentence.

The changes in parole statues, regulations, or practices violate the Constitutional prohibition against ex-post facto laws, which for bids imposing punishment for an act that was not punishable when it was committed or imposing more serve punishment than the law prescribed at the time of the offense. Parole statue, rule, etc, that change that standards for granting parole or dictate longer periods of incarceration violate the Ex Post Facto Clause if applied retroactively to offenses committed before the change in law. Ex Post Facto Laws is only one aspect of the broader Constitutional protection against arbitrary changes in the law. In both civil and the criminal context, the Constitution places limits on the sovereigns ability to use its lawmaking power to modify bargains it has made with its subjects.

Parole Board Rules Change Violated Ex Post Facto (Brown v. Palmateer, 379 319 F.3d 1089 (CA 9. 2004), (Calif. Dept. of Corr. v. Morales, 514 U.S. 499, 504 115 S.Ct. 1597, 131 L.Ed2d 588 (1995)[.]

The Supremem Court has established a two-part test for assessing Ex Post Facto Claims a law violates the Ex Post Facto Clause if it is (1) Retroactive it applies to events occurring before its enactment. Which the new TDCJ Parole Division Policy Caution Determination, not to publish a pre-revocation warrant in the National Crime Information Center. However if the Parole Division would have use the policy in effect at the time of my offense my parole would have been violated many years earlier. (Weaver v. Graham, 450 U.S. 2429, 101 S.Ct. 960, 67 L.Ed2d 17 (1981), and (2) detrimental-it produces a sufficant risk of increaseing the measure of punishment attached to the covered crimes. The new TDCJ Parole Policy may be fairly characterized as more oneness. "(Dobbert v. Fla., 432 U.S. 282, 299, 97 S.Ct. 2290, 53 L.Ed2d 344 (1977); Like the retro-

active application of provision, that govern initial sentencing implicates the Ex Post Facto Clause because such credits are "one determinant of petitions prison term and [the petitioner's] effective sentence is altered once this determinate is chanced." Ib.d.

Ex Post Facto Clause reaches every form in which legislative power of state is exerted including regulation or order. (U.S.C.A. Const. Art. 1, &10, Cl.1. Although only Supreme Court Law is binding on State. Circuit Court of Appeals precedent remains relevant persuasive authority in determining whether state-court decision is objectively unreasonable, warranting federal habeas relief. 28 U.S.C.A. at 2254(d)(1). See Duhaimes v. Ducharme, 200 F.3d 597, 600-01 (9th Cir. 1999).

Ninth Circuit Court of Appeals Rules on Chances to (18 U.S.C. 3583)(e).
To interpreted the stature in a manner that conforms with article (18 U.S.C. 3583)(e) is permitted by a reasonable reading of the statute's plain language; To apply a newer version to supervised release violation would violate the U.S. Constitution's Ex Post Facto Clause, which bars different punishment than was in effect at the time of the offense. The law that was in effect at the time of the offense governed the case, and makes the newer version unlawful. The Ninth Circuit Court of Appeals held that the law which was in effect governs the case. The Court further noted that (18 U.S.C. 3583)(e) was amended in 2003 to require the maximum prison time for a violation to apply to each violation and removed the Court's ability to aggregate the pervious prison time toward the over all maximum allowed. (United States v. Knight, 580 F.3d 933 (9th Cir. 2009).

However, in (United States v. Shimabukuros, 2018 U.S. App, Lexis 9998 (9th Cir. 2018). Shimabukuro's offense occurred before the 2003 amendment and the version of the 18 U.S.C. 3583)(e) that was in effect at the time of his offense governed his case. Thus, even though his supervised release violation happen many years later, the Court had to use the version in effect at the time of his original offense. To apply a newer version of (3583)(e) to Shimabukuro's supervised release violation would violate the U.S. Constitutions Ex Post Facto Clause, which bars different punishment than what was in effect at the time of the offense. (Peugh v. United States, 569 U.S. 530 (2013). Accordingly the Court of Appeals vacated Shimabukuro's supervised release and order his immediate release.

Relator, was under the 72nd legislation law, as well as, those TDCJ Parole Policies at the time of his original offense. To apply the newer version is unlawful if apply retroactively especially in a way that negatively affects a person's of modify parole statues, regulations and practices. Therefore, the version at the time of his offense governed his case.

                              PRAYER

Wherefore, Premises Considered, Relator's parys that the Court will consider Relator's objections, to State Proposed Findings of Facts, Conclusion of Law and Order. That upon reviewing the records, the Court will in all fairness conduct an evidentiary hearing and the relief sought be granted.

                                        Respectfully Submitted,

                                        *Darryl Victorian*

                                        Darryl W. Victorian
                                        Pro se, Litigant
                                        Powledge Unit
                                        1400 FM 3452
                                        Palestine, Texas 75803


                       CERTIFICATE OF SERVICE

I, Darryl W. Victorian, Pro se, Applicant do hereby affirm that a true and correct copy of the foregoing application for habeas relief and objections, to State Proposed Findings of Facts, Conclusion of Law and Order, has been sent to the Court of Criminal Appeals. ATTN: Deana Williamson, Clerk: Supreme Court BuildingPO Box 12308, Austin, Texas 78711.

                                        Sincerely,

                                        *Darryl Victorian*

                                        Darryl W. Victorian

CC
Date 1-8-19

5

COURT OF CRIMINAL APPEALS
ATTN: Deana Williamson, Clerk
Cause no. 631861-A

Supreme Court Building
P.O. Box 12308
Austin Texas 78711

Sept, 27, 2018

Applicant; Amended Complaint, For Objections To States Proposed Finding Of Fact Conclusions Of Law, And Order

Enclosed is the original and one copy of applicant Amended Complaint For Objections To States Proposed Finding Of Fact Conclusions Of Law And Order, Please file this, and transmit same to Court Of Criminal Appeals as provided by; Tex. Code Of Proc. Ann. Art., 11.07. Applicant bring this Amended Compliant, toward his Objections on the allegations for relief be denied by the State. For that reason Applicant wishes to bring to the Court Of Criminal Appeals Attention. That some legal claims needed to be added that made some changes in case law, by the United States Constitution and Supreme Court Justices, and cases. Which applies to Applicant supervised release status.

Respectfully,
Darryl Victorian TDC#627801
Applicant, Pro Se
Powledge Unit
1400 FM 3452
Palestine Tx 75803

CC/1-8-19
COVER LETTER
AMENDED; OBJECTION          1/1

Ex Parte
Darryl Victorian

Cause No. 631861-A   IN THE 262ND DISTRICT COURT
                                        OF
Sept — 2018              Harris County, Texas

Applicant; Amended Complaint; For Objections To States Proposed Finding Of Fact Conclusions Of Law, And Order

To The Honorable Judge Of Said Court:
Pursuant to Art. 11.07 of the Texas Code of Criminal Procedure:

Having read the State's respond to applicant's allegations in his Habeas petition. Relator wishes to bring to the Court's attention that, the amended Parole Division Policy not to publish a pre-revacation warrant in the National Crime Information Center ("NCIC"), on offenders whose instant offense of conviction did not include a deadly weapon finding or any history of escape; which is Relator's primary case (cause No: 631861-A). The policy changes has cause a change in Relator's sentence + Punishment. Relator was arrested on Nov 14, 2002 (77) days after the issued of the Aug 30, 2002 fugitive of justice warrant; by Aurora Police Dept, in the State of Colorado for new charges, and the fugitice warrant according to Aurora Police. However by Texas failure to enforce Relator's arrest warrant resulted in an unlawful extension of his sentence, loss of time credits, and denial of process due (of his supervise release), by the new version of TDCJ Parole Policy.

Relator's complaint is that he wasn't convicted under the new version of the Parole Division Policy, and therefore it should not apply. The decision to use the newer version was unlawful. TDCJ Parole Division should use the policy in place at the time of conviction; The United States Constitution forbids the passage of Ex Post Facto Laws, category that includes

cc
1-8-19

1

every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime when committed (Sotomayor J.r., joined by Kennedy, Ginsbury, Beryer and Kagan JJ.)

The Ex Post Facto Clause forbids the [government] to enhance the measure of punishment by altering the substantive "formula used to calculate the applicable sentencing range (Morales, 514 U.S. at 505, 115 S. Ct. 1597, 131 L Ed. 2d. 588.

That is precisely what the amended TDCJ Parole Division Policy (PD/POP-4.1.6. NCIC/TCIC/Caution Determination did in Relator's case. Doing so created a significant risk of a higher sentence for Relator's. (Garner 529 U.S. at 251, 120 S. Ct. 1362, 146 L. Ed. 2d. 236; and offended one of the principal interests that the Ex Post Facto Clause was designed to serve fundamental justice ("Carmell 529 U.S. at 531, 120 S. Ct. 1620 146 L. Ed. 2d. 577". For these reason his conviction and judgement govern's Relator's supervise release.

In Calder, Justice Chase disciribed four types of ex post facto laws. (3 Dall at 390, 1 L. Ed. 648) as relevant, Justice Chase thrird category indicated that [E]very law that inflicts a greater punishment than the law annexed to the crimes when committed violates the Ex Post Facto Clause. Ibid. Justice Chase emphasis on increases the punishment annexed to "crime" was grounded in the English Common Law and accurately reflected the original understanding of the Ex Post Facto Clause. See Part II-B. infra. Unfortunately the Court rapidly devited from this formulation. In Kring V pg. 110 Missiouri, 102 U.S. 221, 2. C.St. 443, 27 L Ed. 506 (1883), the court declared that

2

any law passed after the commission of an offense which ... in relation to the offense or it's consequences alters the situation of a party to his disadvantage is an Ex Post Facto Law." Id at 235, 2, S.Ct. 443, 27 L, Ed 506. (quoting Justice Washington jury charge; United States v. Hall 26 F Cas. 84, 86 (no. 15,285) (CC Pa.1809). Putting emphasis on the newer version of the parole policy. However Relator's offend occurred in (1992), (12) years before the Parole amendment Laws, and Policy, and the laws and policy that was in effect at the time of his offense governed his case. Thus even though his supervised release violation happened many years later TDCJ Parole Division have to use the version of laws, and policy in effect at the time, (Putting [e]mphasis on the version in effect at the time of his original offense. To apply a newer version to Relator's supervised release violation would violate the U.S. Constitution's Ex Post Facto Clause, which bars different punishment than was in effect at the time of his offense., (18 U.S.C.S 3553)(e)(a)(4)(A)(ii).)

The touchstone of the court inquiry is whether a given change in law are policy presents a sufficient risk of increasing the measure of punishment attached to the covered crime. (Garner, 529. U.S. at 250 d. 120 S.Ct. 1362, 146 L. Ed. 2d. 236 (quoting Morales 514 U.S. at 509, 115 S.Ct. 1597, 131 L.Ed. 2d. 288).

The question when a change in law creates such a risk is a matter of degree the test cannot be reduced to a single formula", Id at 509, 115 S.Ct. 1597, 131 L.Ed. 2d 588. The Federalist no. 44.pg. 282 (c. Rossiters ed. 1961). (J. Madison).

3

The Clause insures that individuals have fair warning of applicable laws, and guards against vindictive legislative action (See Weaver V. Graham 450 U.S. 24, 28-29, 101 S. Ct. 960, 67 L. Ed. 2d. 17 (1981).

Even where these concerns are not directly implicated, however the Clause also "safeguards" a fundamental fairness interest... in having the government abide by the rules of laws it establishes governs the circumstances under which it can deprive a person of his or her "liberty or life" (Carmall, 529 U.S. at 533 120 S. Ct. 1620, 146 L. Ed. 2d. 577.

Section (2254 (d)), permits habeas relief based on claims adjudicated on the merits in states courts only when the State decision was (1); contrary to or involved an unreasonable application of clearly established Federal Laws, as determinded by the Supreme Court or (2); based on an unreasonable determination of the facts.

Federal Courts apply the Brecht standard of harmless error to habeas proceeding. Under this standard habeas relief is automatically granted for consititutional errors that are structural errors.

However in Reese v. State. 772 S.W. 2d 288, 290 (Tex app. 1989 Pet. ref'd). A court cannot enact a constitutional provision. Therefore when a rule be fairly given two interpertations, one of which results in its validity a court must presume that the enacting authority did not intend to adopt an invalid rule and shall interpret it so that it will be valid and

constitutional.

To conform with a reasonable reading of the plain language of Relator's Supervise Release, and the Laws and policies in effect at the time of conviction; Clearly the newer version of Relator's Supervise Release is an unreasonable determination of the facts; under the old policy relator would have been arrested in or out of the state of Texas.

District Courts must begin their analysis with the "guidelines" in effect at the time of offenes and use them to calculate the sentencing range correctly, and those guidelines will anchor both the district court discretion and the appellate review process in all the ways descibed; (In Booker, Gall, Kimbrough, and other Supreme Court recent sentencing cases.

(Sotomayor J., joined by Kennedy, Ginsbury, Beryer, and Kangan JJ.

Every law that changes the punishment and inflicts a greater punishment than the laws annexed to the crime when committed is a Ex Post Facto Law.) Under this view, courts must compare the punishment affixed to the crime at the time of the offense with the punishment affixed at time of sentencing. If the latter is harsher than the former, the court must apply the punishment in effect at the time of the offense.

"The key point is that the Ex Post Facto [C]lause looks to the standard of punishment prescibed by a statute, rather than to the sentence actually impose"; Lindsey V. Washington, 301 U.S. 397, 401, 57 S. Ct. 797, 81, L. Ed. 1182 (1937)

5

"The United States Constitutional prohibits both Federal and States governments from enacting any Ex Post Facto Laws," Art. 1, 9 cl 3, Art 1.10.

Amedment cases have focused on when a given finding of facts is required to make a defendant legally eligible for a more severe penalty.

Ex Post Facto cases in contrast, have focused on whether a change in law creates a significant risk of a higher sentence here, whether a sentence in conformity with the new "Guidelines" is substantially likely.

The Booker remedy was designed and has been subsequently calibrated to exploit precisely this distinction it is intended to promote sentencing uniformity while avoiding a Sixth Amendment violation. In light of the statistics invoked by petitioners it appears so far to achieving this balance. Nothing that has been said undo [es]" the holding of Booker, Rita Gall, Kimbrough or other recent sentence cases.

---

In a world of determinate sentence a retroactive increase in the punishment affixed to a crime renders an act punishable in a manner in which was not punishable when it was committed. (Fletcher v. Peck, 6 Cranch 87, 138; 3, L, Ed 162 (1810).

---

Relator would ask the court not to hold him to the ethical rules imposed on lawyers, as a criminal defendant acting Pro Se, as complies with the Rules of Professional Conduct.

---

Relator would ask the court to look at the plain language

10

of his compliant and the laws in effect at the time of conviction as to a preponderance of evidence that anyone with some knowledge of case law will see Relator's point declaring innocent to the newer version of the parole policies shouldn't apply to his Supervise release and grant relief in favor of Relator.

### Prayer

Wherefore, Premies Considered, Relator's prays that the Court will consider Relator's objections, to State Proposed Finding of Facts Conclusion of law and Order. That upon reviewing the records, the Court will in all fairness conduct an evidentiary hearing, and the relief sought be granted.

Respectfully Submitted,
Darryl Wade Victorian TDCJ# 627801
Pro, Se Litigant
Powledge Unit
1400 FM 3452
Palestine, Texas 75803

### Certificate OF Service

I Danny W. Victorian, Pro Se, Applicant do hereby affirm that a true, and correct copy of the foregoing application for habeas relief and objections, to State Proposed Finding of Fact, Conclusion of Law and Order has been sent to the Court of Criminal Appeals. Attn: Deana Williamson, Clerk; Supreme Court Building POX 12308, Austin Texas 78711.

Sincerely,
Darryl Wade Victorian

cc/1-8-19

Darryl Wade Victorian #627801
Powledge Unit
1400 FM 3452
Palestine, TX 75803



United States District Court
Eastern District of Texas
211 W. Ferguson St.
Tyler, Texas 75702

CLERK, U.S. DISTRICT COURT
RECEIVED
JAN 10 2019
EASTERN DIST. OF TEXAS

Attention:
Magistrate Judge
K. Nicole Mitchell